UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 23-796-DMG (SPx) | Date | May 24, 2023 |
| Title | *Vivian Cruz Paulino v. Walmart Inc., et al.* | Page | 1 of 2 |

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

On April 26, 2023, Plaintiff Vivian Cruz Paulino filed an action in San Bernardino County Superior Court asserting claims for negligence and premises liability against Defendants Walmart, Inc. ("Walmart"), Hugo Murillo, Peter Baca, and Todd Hass. Notice of Removal ("NOR"), Ex. A ("Compl.") [Doc. # 1 at 6]. Walmart removed the action to federal court on May 4, 2023, invoking this Court's diversity jurisdiction. *See* NOR ¶ 6 [Doc. # 1].

Walmart asserts that diversity jurisdiction exists because Plaintiff is a citizen of California, Walmart is a citizen of Delaware and Arkansas, and the amount in controversy exceeds $75,000. NOR ¶¶ 7–9. Yet, Walmart does not address the citizenship of the other Defendants named in the Complaint. Plaintiff alleges that they all reside in California. *See* Compl. ¶¶ 4–6.

Under 28 U.S.C. section 1441(a), an action may be removed from a state court to a federal district court if the latter would have had original jurisdiction over the action had it been filed in that court. Pursuant to 28 U.S.C. section 1332(a), a district court shall have jurisdiction over a civil action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. To establish diversity jurisdiction, there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008).

Walmart properly alleges that the amount in controversy exceeds $75,000, but not that there is complete diversity between the parties.[1] Accordingly, the Court **ORDERS** Walmart to

---

[1] The individual Defendants have not yet been served. *See* NOR ¶ 3, D'Angelo Decl. ¶ 10 [Doc. # 1-1]. That fact does not permit the Court, however, to disregard them for purposes of determining whether diversity jurisdiction exists. *See, e.g.*, *Lopez v. United Parcel Serv., Inc.*, No. SA CV 21-01492-CJC (DFMx), 2021 WL

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 23-796-DMG (SPx) | Date | May 24, 2023 |
| Title | *Vivian Cruz Paulino v. Walmart Inc., et al.* | Page | 2 of 2 |

show cause why this action should not be remanded to San Bernardino County Superior Court. Walmart's Response is due by **June 1, 2023**.

**IT IS SO ORDERED.**

---

5122293, at *3 (C.D. Cal. Nov. 3, 2021) (remanding action removed by diverse defendant where non-diverse defendant had not yet been served); *see also* Phillips & Stevenson, Rutter Group Prac. Guide, Fed'l Civ. Proc. Before Trial, ¶ 2:2341, at 2D-4 (if an action is not removable because the plaintiff and defendant are citizens of the same state, it makes no difference whether the non-diverse defendant has been served).  Their presence in this action appears, therefore, to destroy complete diversity.