UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   **ED CV 23-796-DMG (SPx)** | Date   August 14, 2023 |
| Title   *Vivian Cruz Paulino v. Walmart Inc., et al.* | Page   1 of 5 |

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [7]**

## I.
## BACKGROUND

      On April 26, 2023, Plaintiff Vivian Cruz Paulino filed this action in San Bernardino County Superior Court asserting claims for negligence and premises liability against Defendants Walmart, Inc. ("Walmart"), Hugo Murillo, Peter Baca, and Todd Hass. Notice of Removal ("NOR"), Ex. A ("Compl.") [Doc. # 1 at 6]. Walmart removed the action to this Court on May 4, 2023, invoking this Court's diversity jurisdiction. *See* NOR ¶ 6 [Doc. # 1].

      While at a Walmart store in Highland, California on December 26, 2021, Plaintiff was seriously injured after she slipped and fell "due to spillage on the floor that created an unreasonable risk of harm that Defendants knew or should have known about, and Defendants failed to clean or repair the condition, protect against harm from the condition, or provide adequate warning of the condition." Compl. ¶ 12. She seeks damages of approximately $812,228.58. NOR ¶ 8. Plaintiff, Murillo, Baca, and Hass reside in California. Compl. ¶¶ 2, 4–6. Walmart is a citizen of Delaware and Arkansas. NOR ¶ 9. At the time of removal, Murillo, Baca, and Hass had not yet been served. *Id.* at ¶ 3.

      On May 24, 2023, the Court issued an Order to Show Cause ("OSC") why this action should not be remanded to state court for lack of federal subject matter jurisdiction. [Doc. # 6.] On June 1, the day Walmart's response was due, Plaintiff filed a motion to remand ("MTR"). [Doc. # 7.] That MTR is now fully briefed. [Doc. ## 17 ("Opp."), 18 ("Reply").] For the reasons set forth herein, the MTR is **GRANTED**.

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 23-796-DMG (SPx) | Date | August 14, 2023 |
| Title | *Vivian Cruz Paulino v. Walmart Inc., et al.* | Page | 2 of 5 |

## II.
## LEGAL STANDARD

Diversity jurisdiction under 28 U.S.C. section 1332 requires that the parties to a suit be of diverse citizenship. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted); *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (any "doubt is resolved against removability"). The party "seeking removal has the burden to establish that removal is proper" and the "burden of establishing federal subject matter jurisdiction." *Id.*; *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

## III.
## DISCUSSION

Plaintiff now moves for remand on the bases that Walmart's NOR did not establish diversity jurisdiction. *See* MTR at 5–6.[1] Plaintiff seeks $2,500 in sanctions for Walmart's frivolous removal. *See id.* at 7–8. In response, Walmart argues that (a) because Murillo, Baca, and Hass had not yet been served at the time of removal, subject matter jurisdiction existed, (b) because Plaintiff does not establish that Murillo, Baca, and Hass are California citizens, the MTR should be denied, and (c) Murillo, Baca, and Hass were fraudulently joined. Opp. at 5–6, 7. The Court addresses Walmart's arguments in turn.

---

[1] Plaintiff also contends that removal was procedurally defective because Murillo, Baca, and Hass did not consent to proceed before a United States Magistrate Judge. *See id.* at 6 ("Indeed, the 'Statement of Consent to Proceed Before a United States Magistrate Judge' form filed with the Court on May 5, 2023, appears to be completely blank."). Plaintiff misconstrues the meaning of that form. Plaintiff concedes that it served Murillo, Baca, and Hass on May 8, 2023, after this action was removed. Only defendants who have been properly served at the time of removal must consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants *who have been properly joined and served* must join in or consent to the removal of the action") (emphasis added). The form filed on the docket on May 5, 2023 is blank because it was filed by the Court, along with an explanation that if the parties wished to consent to proceed before a Magistrate Judge, they could sign and file the form. [*See* Doc. # 4.] When neither side signed the form consenting to proceed before the Magistrate Judge, the action was properly reassigned to this Court. [*See* Doc. # 5.]

UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 23-796-DMG (SPx) | Date | August 14, 2023 |
|---|---|---|---|
| Title | *Vivian Cruz Paulino v. Walmart Inc., et al.* | Page | 3 of 5 |

**A.    Allegations of Subject Matter Jurisdiction in the Notice of Removal**

It is Walmart's burden to establish that subject matter jurisdiction is proper. *Marin Gen. Hosp.*, 581 F.3d at 944. Walmart must establish that Murillo, Baca, and Hass are diverse from Plaintiff, or else that they were fraudulently joined, in order to remove. Whether *Plaintiff* has established that Murillo, Baca, and Hass are citizens of California is therefore immaterial.[2]

The Court's review of Walmart's Opposition makes clear that Walmart did not heed the Court's OSC. If Walmart had done so, Walmart would surely have responded more specifically to the Court's explanation that whether or not defendants have been served at the time of removal makes no difference to the existence of subject matter jurisdiction. *Cf.* OSC at 1 n.1 (noting that the fact that Murillo, Baca, and Hass had not yet been served does not permit the Court to disregard them for purposes of determining whether diversity jurisdiction exists) (citing *Lopez v. United Parcel Serv., Inc.*, No. SA CV 21-01492-CJC (DFMx), 2021 WL 5122293, at *2 (C.D. Cal. Nov. 3, 2021)).

As Walmart correctly notes, a civil action may not be removed to federal court "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). But this limitation, the "forum defendant rule," does not abrogate the general rule that complete diversity is required for removal. In other words, complete diversity is still a foundational requirement—the forum defendant rule is simply an additional limitation on removal. *See id*. (the forum defendant rule applies to actions "otherwise removable solely on the basis of [diversity jurisdiction]"). "[D]iversity is determined by the 'citizenship of any codefendant, joined by the plaintiff in good faith,' regardless of whether the defendant has yet been served." *Lopez*, 2021 WL 5122293, at *2 (quoting *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 78 (9th Cir. 1979) and collecting cases); *see also Preaseau*, 591 F.2d at 78 (noting that the Ninth Circuit "has specifically rejected the contention that [section] 1441(b) implies that service is the key factor in determining diversity"). The fact that Murillo, Baca, and Hass had not been served at the time of removal is therefore irrelevant to determining whether Walmart has established the existence of complete diversity.

---

[2] Though 28 U.S.C. section 1332, speaks of citizenship, not of residency," *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), the Court may also take evidence of a person's residence "as prima facie evidence of the person's domicile." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (citation omitted). Accordingly, the Court accepts as undisputed that they are citizens of California.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 23-796-DMG (SPx) | Date | August 14, 2023 |
| Title | *Vivian Cruz Paulino v. Walmart Inc., et al.* | Page | 4 of 5 |

### B.   Fraudulent Joinder

Still, Walmart contends that complete diversity exists because Murillo, Hass, and Baca were fraudulently joined.

A non-diverse defendant is fraudulently joined, "and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). A defendant opposing remand may introduce evidence beyond the pleadings to establish fraudulent joinder, although a plaintiff is restricted to the allegations in the pleadings. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citing *McCabe*, 811 F.2d at 1339). A defendant opposing remand must "show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted); *see also Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016) (same).

In in support of its Opposition, Walmart submitted a declaration from Murillo in which he attests that he is an overnight manager at the Highland Walmart, and has worked there since 2011. Murillo Decl. ¶ 1 [Doc. # 17-3]. He says he was not aware of the incident until he heard about it from Walmart's counsel. *Id*. at ¶ 3. Walmart's counsel told him that the incident occurred at 8:21 a.m., and Murillo was an overnight manager at the time. *Id*. at ¶ 2. He says Hass was not working at the store on or around the date of Plaintiff's accident, and that he does not know who Baca is—in fact, Murillo says there is no "Peter Baca" who has worked at the store during his employment. *Id*. at ¶¶ 4–5.

Plaintiff alleges that Defendants "knew or should have known about" the spill, but failed to take action to prevent her injury. Compl. ¶ 12. The fact that Murillo was an overnight manager at the time of the incident, which occurred fairly early in the morning, may make it less likely that Murillo had a duty to Plaintiff, but it does not make it impossible. *Cf. Padilla*, 697 F. Supp. 2d at 1159 (it is the defendant's burden to establish that there is "no possibility" the non-diverse defendants could be liable). Murillo's declaration does not actually say that Murillo was not in the store at the time of the incident, nor does it establish what Murillo's duties or hours were, such that he could not possibly have been responsible for ensuring that the floor was free of spills at 8:21 a.m. even if he was not there. *See Nieves v. Costco Wholesale Corp.*, No. 3:22-CV-00977-JD, 2022 WL 5199904, at *2 (N.D. Cal. Oct. 5, 2022) (finding no fraudulent joinder of store manager who was on vacation the day of the plaintiff's accident, because the store

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| | | | |
|---|---|---|---|
| Case No. | ED CV 23-796-DMG (SPx) | Date | August 14, 2023 |
| Title | *Vivian Cruz Paulino v. Walmart Inc., et al.* | Page | 5 of 5 |

manager could plausibly still have had some control over the premises). Walmart has not met its burden to show that Murillo was fraudulently joined, and therefore, Murillo cannot be disregarded for purposes of diversity jurisdiction. Murillo's presence defeats diversity, even if Baca and Hass are deemed to have been fraudulently joined.

**C.     Sanctions**

Plaintiff also seeks sanctions for Walmart's removal. Although the Court rejects Walmart's arguments against remand (and notes that Walmart did not raise fraudulent joinder in its Notice of Removal), the Court does not find them so meritless that sanctions should be imposed. *Cf. Peabody v. Maud Van Cortland Hill Schroll Tr.*, 892 F.2d 772, 777 (9th Cir. 1989) (affirming sanctions for "frivolous" removal). Accordingly, the request for sanctions is **DENIED**.

**IV.
CONCLUSION**

In light of the foregoing, the Court **GRANTS** Plaintiff's MTR, but **DENIES** Plaintiff's request for sanctions. The action is hereby **REMANDED** to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**